UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMIE D. HENSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-22-105-G |
| | ) |
| SCOTT NUNN, Warden, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

On February 2, 2022, Petitioner Tommie D. Henson, a state prisoner appearing pro se, filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda Maxfield Green for preliminary review.

On April 29, 2022, Judge Green issued a Report and Recommendation (Doc. No. 11), in which she recommended the habeas petition be dismissed as untimely filed. In the Report and Recommendation, Judge Green advised Petitioner of his right to object to the Report and Recommendation by May 20, 2022. Judge Green also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation.

As of this date, Petitioner has not submitted an objection to the Report and Recommendation or sought leave for additional time to do so.[1]

---

[1] Petitioner has submitted a Motion (Doc. No. 12), in which he reurges his habeas arguments. The Motion does not reference the Report and Recommendation or address the

CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 11) is ADOPTED. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice. A separate judgment shall be entered.

Petitioner having submitted his $5.00 filing fee, his Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 9) is DENIED.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

---

timeliness of the Petition. Even liberally construed, this Motion cannot reasonably be characterized as an objection to the Report and Recommendation.

2

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 21st day of June, 2022.

_____
CHARLES B. GOODWIN
United States District Judge